UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDWEST BANC HOLDINGS, INC., | ) | Case No. 10-37319 |
| | ) | |
| Debtor. | ) | Hearing Date: December 29, 2010 at 9:30a.m. |
| | ) | |
| | ) | |

**NOTICE OF THE FIRST APPLICATION OF HINSHAW & CULBERTSON LLP FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD AUGUST 20, 2010 THROUGH NOVEMBER 15, 2010**

**PLEASE TAKE NOTICE** that on December 7, 2010, the **First Application of Hinshaw & Culbertson LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Interim Period August 20, 2010 through November 15, 2010** (the "Application") was filed by Hinshaw & Culbertson LLP ("H&C") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn, Chicago, IL 60604.

**PLEASE TAKE FURTHER NOTICE** that for the interim period August 20, 2010 through November 15, 2010, H&C seeks interim allowance of fees in the amount of $189,122.15 and expenses in the amount of $9,349.97.

**PLEASE TAKE FURTHER NOTICE** that if no objection is filed, the Application may be granted in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Committee Members dated November 22, 2010* (Docket No. 65].

Dated: December 7, 2010.         HINSHAW & CULBERTSON LLP


                    By:    /s/ William J. Connelly
                           William J. Connelly(6185201)
                           222 N. LaSalle Street
                           Suite 300
                           Chicago, IL 60601-1081
                           Phone: 312-704-3000
                           Fax: 312-704-3001
                           Counsel to the Debtor and Debtor in Possession

Dated: December 7, 2010.                               HINSHAW & CULBERTSON LLP

                                            By:    /s/ Thomas G. Wallrich
                                                   Thomas G. Wallrich (MN State Bar ID 213354)
                                                   Joel D. Nesset (MN State Bar ID 030475X)
                                                   333 South Seventh Street
                                                   Suite 2000
                                                   Minneapolis, MN 55402
                                                   Phone: 612-333-3434
                                                   Fax: 612-334-8888

                                                   Counsel to the Debtor and Debtor in Possession

2

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDWEST BANC HOLDINGS, INC., | ) | Case No. 10-37319 |
| | ) | |
| Debtor. | ) | Hearing Date: December 29, 2010 at 9:30a.m. |
| | ) | |
| | ) | |

**COVER SHEET FOR THE FIRST APPLICATION OF HINSHAW & CULBERTSON LLP FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD AUGUST 20, 2010 THROUGH NOVEMBER 15, 2010**

| | |
|---|---|
| Name of Applicant | Hinshaw & Culbertson LLP |
| Authorized to provide professional services to: | Midwest Banc Holdings, Inc. Debtor and Debtor in Possession |
| Date of retention: | Order retaining Hinshaw & Culbertson LLP *nunc pro tunc* entered on October 7, 2010 [Docket No. 35] |
| Period for which compensation and reimbursement is sought: | August 20, 2010 through November 15, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $189,122.15 |

This is a **X** interim ___ final application.

No prior fee application has been filed.

3

Dated: December 7, 2010.        HINSHAW & CULBERTSON LLP

                                By:    /s/ William J. Connelly
                                       William J. Connelly(6185201)
                                       222 N. LaSalle Street
                                       Suite 300
                                       Chicago, IL 60601-1081
                                       Phone: 312-704-3000
                                       Fax: 312-704-3001
                                       Counsel to the Debtor and Debtor in Possession


Dated: December 7, 2010.        HINSHAW & CULBERTSON LLP

                                By:    /s/ Thomas G. Wallrich
                                       Thomas G. Wallrich (MN State Bar ID 213354)
                                       Joel D. Nesset (MN State Bar ID 030475X)
                                       333 South Seventh Street
                                       Suite 2000
                                       Minneapolis, MN 55402
                                       Phone: 612-333-3434
                                       Fax: 612-334-8888

                                       Counsel to the Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDWEST BANC HOLDINGS, INC., | ) | Case No. 10-37319 |
| | ) | |
| Debtor. | ) | Hearing Date: December 29, 2010 at 9:30a.m. |
| | ) | |
| | ) | |

**FIRST APPLICATION OF HINSHAW & CULBERTSON LLP FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD AUGUST 20, 2010 THROUGH NOVEMBER 15, 2010**

Pursuant to 11 U.S.C. §§ 327, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the Retention Order (defined below); the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order") [Docket No. 65]; the local bankruptcy rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules") and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under* 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"), the law firm of Hinshaw & Culbertson LLP ("H&C"), bankruptcy counsel for the above-captioned debtor and debtor in possession (the "Debtor"), hereby applies (this "Application") for an order allowing it: (a) compensation in the amount of $189,122.15 for the reasonable and necessary legal services H&C has rendered to the Debtor; and (b) reimbursement for the actual and necessary expenses that H&C incurred in the

amount of $9,349.97 for the period from August 20, 2010 through November 15, 2010 (the "Fee Period").[1] In support of this Application, H&C states as follows.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this District if proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are 327, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 2016, and Local Bankruptcy Rule 5082-1.

## BACKGROUND

4. On August 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 29, 2010, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 25]. On October 12, 2010, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") filed an amended notice of appointment of an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 38].

---

[1] Pursuant to section (b)(1)(v) of the U.S. Trustee Guidelines, the Debtor has had an opportunity to review and approve the request for compensation and reimbursement for the actual and necessary expenses sought herein.

**RETENTION OF AND CONTINUING DISINTERESTEDNESS OF HINSHAW & CULBERTSON LLP**

5. By this Court's order dated October 6, 2010,[2] the Debtor was authorized to retain H&C as bankruptcy counsel effective as of the Petition Date (the "Retention Order"). The Retention Order authorizes the Debtor to compensate H&C in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules, the U.S. Trustee Guidelines and any applicable orders of this Court.

6. As disclosed in the *Declaration of Roberto R. Herencia in Support of the Application of the Debtor for Entry of an Order Authorizing the Employment and Retention of Hinshaw & Culbertson LLP as Attorneys for the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date* [Docket 10] (the "Herencia Declaration"), filed on August 27, 2010 H&C does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

7. H&C may have in the past represented, may currently represent and likely in the future will represent parties in interest in connection with matters unrelated to the Debtor in this chapter 11 case. In the Herencia Declaration, H&C disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. H&C will update the Herencia Declaration, as necessary, if H&C becomes aware of relevant and material new information.

8. H&C performed the services for which it is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor or other person.

---

[2] See Order Granting the Employment and Retention of Hinshaw & Culbertson LLP as Attorneys by the Debtor and Debtor in Possession Nunc Pro Tunc to the Petition Date [Docket No. 35].

9.  Except as provided herein or in the application to retain H&C, H&C has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with this chapter 11 case.

10. H&C has not shared, nor has H&C agreed to share: (a) any compensation it received or may receive with another person other than with the partners, counsel and associates of H&C; or (b) any compensation another person or party has received or may receive.

### REASONABLE AND NECESSARY SERVICES RENDERED BY HINSHAW & CULBERTSON LLP- GENERALLY

11. This is the first application for interim compensation that H&C has filed with the Court in this chapter 11 case.

12. The H&C attorneys who rendered professional services during this Fee Period are:

| Attorney | Position with the Applicant | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Edward R. Gower | Partner | 1980 | Insurance | $350.00 | .20 | $70.00 |
| Thomas M. Hamilton, Jr. | Partner | 1971 | Insurance | $330.00 | 3.50 | $1,155.00 |
| Michael D. Morehead | Partner | 1985 | Securities | $276.00 | .50 | $138.00 |
| Steven H. Silton | Partner | 1995 | Bankruptcy & Creditors' Rights | $385.00 | 13.30 | $5,120.50 |
| Thomas G. Wallrich | Partner | 1990 | Bankruptcy & Creditors' Rights | $435.00 | 126.0 | $54,810.00 |
| Peter L. Crema, Jr. | Associate | 1991 | Labor & Employment | $270.00 | .60 | $162.00 |
| Heather L. Marx | Partner | 2002 | Director & Officer | $220.00 | 2.30 | $506.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Liability | | | |
| Joel D. Nesset | Associate | 2000 | Bankruptcy & Creditors' Rights | $245.00 | 145.8 | $35,721.00 |
| Kent J. Cummings | Partner | 1993 | Insurance | $270.00 | 4.00 | $1,080.00 |
| Timothy M. Sullivan | Partner | 1975 | Business & Commercial Transactions | $400.00 $410.00 | 46.4 .3 | $18,560.00 $123.00 |
| William J. Connelly | Partner | 1983 | Bankruptcy & Creditors' Rights | $425.00 | 30.8 | $13,090.00 |
| Fritz K. Huszagh | Partner | 1981 | Insurance | $350.00 | .20 | $70.00 |
| James D. Harbert | Partner | 1980 | Employee Benefits | $499.00 | 30.75 | $15,344.25 |
| Lisa M. Burman | Partner | 1989 | Employee Benefits | $428.00 | 73.55 | $31,479.40 |

13. The H&C paraprofessionals who have rendered professional services during the Fee Period are:

| Paraprofessional | Position with the Applicant | Number of Years in the Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Amy E. Kulbeik | Paralegal | 3 Years | Bankruptcy | $110.00 | 74.5 | $8,195.00 |
| Joanne Pepe | Paralegal | 5 Years | Litigation | $120.00 | 27.4 | $3,288.00 |
| Frank T. Heiberger | | | | $175.00 | 1.2 | $210.00 |

14. H&C has advised and represented the Debtor in connection with the operation of its business and all other matters arising in the performance of its duties as debtor in possession. Furthermore, H&C prepared various pleadings, motions and other documents submitted to this

9

Court for consideration, has appeared before this Court during omnibus and other hearings regarding this chapter 11 case, and has performed all of the other professional services that are described in this Application.

15. The rates described above are H&C's hourly rates for services of this type. The attached Exhibit A is a summary statement of the number of hours of service by each attorney and paraprofessional and hourly rate of each individual during the Fee Period. The attached Exhibit B is the detailed itemization and description of the services that H&C rendered during the Fee Period. Based on these rates and the services performed by each individual during the Fee Period, the total reasonable value of such services rendered during the Fee Period is $189,122.15. The H&C attorneys and paraprofessionals expended a total of 581.3 hours working on this chapter 11 case during the Fee Period.

16. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given, among other things: (a) the complexity of this chapter 11 case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

17. Further, Exhibit B: (a) identifies the individuals that rendered services in each Subject Matter (as defined below); (b) describes each activity or service that each individual performed; and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each matter number in Exhibit B corresponds to the matter number that H&C assigned to the Subject Matters (as defined and described below). If a Subject Matter does not appear, then H&C did not bill time or expenses for that Subject Matter during

the Fee Period but may bill time for that Subject Matter in the future. The attached Exhibit C is a schedule of the total amount of fees incurred under each Subject Matter during the Fee Period.

**REASONABLE AND NECESSARY SERVICES RENDERED BY HINSHAW & CULBERTSON LLP-CATEGORIZED BY MATTER**

18. The professional services that H&C rendered during the Fee Period are grouped into the numbered and titled categories of the subject matters (each a "Subject Matter" and, collectively, the "Subject Matters") described herein.

19. Matter 1 – Chapter 11 Bankruptcy filing (Fees: $21,601.50); Hours: 101.7). This Subject Matter includes legal services provided in connection with filing the Debtor's chapter 11 petition and related pleadings and notices in the initial days of this chapter 11 case. Specifically and without limitation, H&C attorneys and paraprofessionals performed services including, but not limited to: (a) drafting, revising and filing the application to employ and amended application to employ; (b) drafting, preparing and filing a chapter 11 petition for the Debtor; (c) drafting, revising and filing the Motion for Relief from Requirement that Debtor File List of Equity Security Holders, Pro Hac Vice Motions, and Declaration of Roberto Herencia; and (d) preparation and filing of the Debtor's schedules of assets and liabilities, statement of financial affairs, and amended list of equity security holders.

20. Matter 2 – Employee Benefit Matters (Fees: $14,644.55; Hours: 34.9). This Subject Matter relates to time with regard to 401(K) plan termination. This Subject matter also describes time spent analyzing, researching, and advising the Debtor with respect to 401(k) administration and management.

21. Matter 3 – General Case Administration (Fees: $26,165.00; Hours: 92.0). This Subject Matter includes legal services related to general administration of the chapter 11 case and includes: (a) assisting the Debtor in fulfilling its duties as debtor in possession generally; (b)

11

preparation for and attendance at the meeting of creditors; and (c) ensuring compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court and other applicable laws.

22. <u>Matter 4– Claims Administration and Objections</u>. (Fees: $4,197.50; Hours: 14.2). This Subject Matter includes legal services related to the administration and resolution of claims against the Debtor. In particular, this Subject Matter includes time spent: (a) drafting and filing the Debtor's motion to establish bar dates in connection with the filing of proofs of claim (the "Bar Date Motion") [Docket No. 58]; (b) reviewing and analyzing potential litigation claims and finding issues; (c) researching and analyzing issues relating to the claims implications of the Debtor's supplemental executive retirement plans (the "SERP"); and (d) communications with the FDIC; and (f) corresponding with certain creditors with respect to the foregoing.

23. <u>Matter 5– Unsecured Creditor Committee</u> (Fees: $9,062.50; Hours: 27.4). This Subject Matter includes legal services related to production of documents to unsecured creditor committee and communications with unsecured creditor committee. This Subject Matter also includes meeting with unsecured creditor committee.

24. <u>Matter 6 – Corporate and Securities Matters</u> (Fees: $18,256.00; Hours: 47.0). This Subject Matter includes legal services related to various corporate and securities issues. Specifically, H&C attorneys spent time: (a) ensuring compliance with reporting requirements, including those under federal securities laws and regulations; (b) preparing and reviewing board minutes; (c) preparing for and attending board meetings; and (d) review of director and officer claim issues.

25. <u>Matter 7 – Creditors Communications/Negotiations</u> (Fees: $3,276.00; Hours: 7.8). This Subject Matter includes legal services related to creditor communications, including: (a)

responding to questions from various creditors; and (b) communications and negotiations with the Debtor's major secured creditor; and (c) communications related to the formation of the creditors' committee.

26. Matter 8 – 401(k) Plan – Department of Labor Investigation (Fees: $38,919.10; Hours: 106.8). This Subject Matter includes legal services related to an investigation of the Debtor's 401(k) plan that is being conducted by the Department of Labor.

27. Matter 9 – Hearings (Fees: $8,840.00; Hours: 23.2). This Subject Matter includes legal services related to the preparation for and attendance at hearings.

28. Matter 10 – Plan, Disclosure Statements (Fees: $42,149.50; Hours: 115.1). This Subject Matter includes legal services related to the Debtor's disclosure statement and plan of reorganization. H&C performed services, including: (a) developing strategies in connection with the formation of the Debtor's plan of reorganization (the "Plan"); (b) drafting and revising the Debtor's Plan; (c) researching and analyzing issues relating to treatment of various classes of creditors; (d) researching and analyzing contracts, public filings, financial statements, and other historical information relating to the Debtor's disclosure statement; (f) drafting the Debtor's disclosure statement; and (g) communicating with client and creditors with respect to the foregoing.

29. Matter 11 – Fee Application (Fees: $660.00; Hours: 6.0). This Subject Matter includes legal services related to the preparation of this application for compensation.

30. Matter 12 – U.S. Trustee Matters (Fees: $713.50; Hours: 2.6). This Subject Matter includes legal services related to compliance with requirements imposed by the U.S. Trustee, including: (a) reviewing and analyzing financial reporting requirements and operating

121270815v1 0913730 54169

121272111v10913730 54169

guidelines; and (b) communicating and participating in conferences with the U.S. Trustee and the Debtor with respect to the foregoing.

31. <u>Matter 13 – Research/Analysis</u> (Fees: $637.00; Hours: 2.6). This Subject Matter includes legal services related to researching grantor trust rules and fiduciary insurance issues and administrative expense status of costs related to 401(k) administration and management.

**ACTUAL AND NECESSARY EXPENSES**

32. It is H&C's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also H&C's policy to charge its clients only the amount actually incurred by H&C in connection wit such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, meals and lodging.

33. A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by H&C on the Debtor's behalf during the Fee Period, is attached hereto as <u>Exhibit D</u>. All of these disbursements comprise the requested sum of H&C's out-of-pocket expenses and total $9,349.97.

**REPRESENTATION**

34. H&C has made a good faith effort to include all fees and expenses incurred in the Fee Period, but it cannot be certain that all such fees and expenses are included in this Application due to accounting practices. H&C reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.

14

35. In summary, by this Application, H&C requests allowance of fees and expenses in the total amount of $198,472.12, consisting of: (a) $189,122.15, of the fees incurred by the Debtor for reasonable and necessary professional services rendered by H&C; and (b) $9,349.97 for actual and necessary costs and expenses.

WHEREFORE, H&C requests that it be allowed reimbursement for its fees and expenses incurred during the Fee Period and that such fees and expenses be paid as administrative expenses of the estate.

Dated: December 7, 2010.                HINSHAW & CULBERTSON LLP

                                        By:   /s/ William J. Connelly
                                              William J. Connelly(6185201)
                                              222 N. LaSalle Street
                                              Suite 300
                                              Chicago, IL 60601-1081
                                              Phone: 312-704-3000
                                              Fax: 312-704-3001
                                              Counsel to the Debtor and Debtor in Possession

Dated: December 7, 2010.                HINSHAW & CULBERTSON LLP

                                        By:   /s/ Thomas G. Wallrich
                                              Thomas G. Wallrich (MN State Bar ID 213354)
                                              Joel D. Nesset (MN State Bar ID 030475X)
                                              333 South Seventh Street
                                              Suite 2000
                                              Minneapolis, MN 55402
                                              Phone: 612-333-3434
                                              Fax: 612-334-8888

                                              Counsel to the Debtor and Debtor in Possession

121270815v1 0913730 54169

121272111v10913730 54169

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDWEST BANC HOLDINGS, INC., | ) | Case No. 10-37319 |
| | ) | |
| Debtor. | ) | Hearing Date: December 29, 2010 at 9:30a.m. |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| STATE OF MINNESOTA | ) | |
| | ) ss: | |
| COUNTY OF HENNEPIN | ) | |

**DECLARATION**

Thomas G. Wallrich, hereby declares the following under penalty of perjury:

1. I am a partner with the applicant firm, Hinshaw & Culbertson LLP, and have been admitted to the Bar of the Supreme Court of Minnesota since 1990.

2. I have personally performed certain of the legal services rendered by Hinshaw & Culbertson LLP as general bankruptcy counsel to the Debtor and am familiar with other work performed on behalf of the Debtor by the lawyers and other persons in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

/s/ Thomas G. Wallrich
Hinshaw & Culbertson LLP

121270815v1 0913730 54169

121272111v10913730 54169